IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| RALPH WILSON LINGO | * | |
| Plaintiff, | * | |
| v. | * | 1:04-CV-1188-WKW |
| | | (WO) |
| SGT. TONY LUKER | * | |
| Defendant. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Ralph Lingo ["Lingo"],  a prison inmate, filed the instant action pursuant to the provisions of  42 U.S.C. § 1983.  He complains that Defendant, Tony Luker ["Luker"], violated his Fourth Amendment rights during a search of his vehicle and home in April 2003.

In accordance with the orders of the court, Luker filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Lingo that Luker's special report may, at any time, be treated as a motion for summary judgment, and the court explained to Lingo the proper manner in which to respond to a motion for summary judgment. Lingo filed a response to the  special report filed by Luker.  This case is now pending on Luker's motion for summary judgment.  Upon consideration of the motion, the evidentiary materials filed in support thereof, and Lingo's opposition to this motion, the court concludes that Luker's motion for summary judgment is due to be granted.

# I. DISCUSSION

*A. Background*

Lingo complains that Luker violated his Fourth Amendment rights by conducting an illegal search of his car and home.  Specifically, Lingo alleges that he never saw a copy of the search warrant which authorized the search of his property, and was informed by Luker that no search warrant was necessary.  Further, Lingo contends that for an 18-month period he attempted to obtain a copy of the search warrant for his home and car but the clerks for both the Circuit Court for Houston County, Alabama, and the Circuit Court for Henry County, Alabama, advised him that no such warrant existed. Lingo states that he did not receive a copy of a search warrant until the day of his trial. With regard to that warrant, Lingo complains that it is void because it  was not executed in the county in which it was issued and  contained various inconsistencies.  (Doc. Nos. 1, 12.)

Luker is a police officer with the Dothan Police Department.  He also is a State Certified Fire Investigator and, as a result of his service with the Houston and Henry County Drug Task Force, he was sworn in as a Deputy Sheriff for Henry County, Alabama, a position he still holds. (Doc. No. 10, Luker Affidavit.)

According to Luker's dispositive motion and evidentiary materials submitted in support thereof, he investigated Lingo in the Spring of 2003 on a variety of charges including the arson of two mobile homes and a RV ("recreational vehicle"). Additionally, Luker affirms that he had information that Lingo possessed audio tapes of conversations concerning various crimes he had committed as well as documents that could establish his involvement

2

in insurance fraud.  Luker further indicates that he also had reliable information that Lingo possessed several weapons in violation of both state and federal laws. (Doc. No. 10, Luker Affidavit.)

On April 14, 2003, Luker applied for a "no knock" search warrant of Lingo's home in Henry County, Alabama, in order to obtain evidence concerning his criminal activity as noted. The Honorable Jerry White, a circuit judge for the 20th Judicial Circuit, which includes both Houston and Henry Counties, signed the warrant. Luker served the warrant on April 14, 2003, along with a State Fire Marshal's Officer and a Henry County Deputy Sheriff.  During the execution of the warrant, Lingo drove up in the white Dodge pick-up truck which was referenced in the search warrant. Law enforcement officials removed him from the vehicle and patted him down for weapons.  Finding him to be unarmed, law enforcement personnel released Lingo. In accordance with standard operating policy, however, they prohibited him from entering his residence until completion of the search for the safety of the officers and to prevent destruction of evidence.  (Doc. No. 10, Luker Affidavit & Attachment 2.)

After law enforcement officials completed their search, Luker provided Lingo with a copy of the search warrant and asked him to sign an inventory of the seized property. Luker noted on the document Lingo's refusal to sign the inventory sheet. The seized items were transported to and secured at the Dothan Police Department. Luker completed a search warrant return and inventory sheet on April 16, 2003.  A copy of this document, along with a copy of the warrant, were given to Lingo.  (Doc. No. 10, Luker Affidavit & Attachments 3, 4.)

*B. Standard of Review*

In order to survive Luker's properly supported motion for summary judgment, Lingo is required to produce some evidence supporting his constitutional claims. *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986). He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A plaintiff's conclusory allegations do not provide adequate evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, entry of summary judgment is appropriate. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

*C. The Fourth Amendment Claims*

Lingo maintains that he never saw a copy of the warrant obtained to search his

property until the day of trial.  He contends that despite his repeated requests for a copy of the search warrant issued in April 2003, the clerks for both the Circuit Court for Henry County and the Circuit Court for Houston County advised him that they could find no record of a search warrant for his name or property.  The court understands Lingo to allege that his right to be free from unreasonable searches and seizures was violated because the absence of a search warrant until the day of his trial creates a presumption that no warrant ever existed. (Doc. No. 1 and attachments.)

It is clear that the sole basis for the search of Lingo's property was the warrant obtained by Luker.  If evidence obtained during an allegedly illegal search and seizure was used to convict Lingo, a judgment in his favor would necessarily imply the invalidity of his conviction(s).  Therefore, this claim provides no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 486, 487 n.7 (1994) (barring suit in a § 1983 action if a successful prosecution would necessarily imply that the plaintiff's conviction was invalid while observing that suits for unreasonable searches may go forward if the underlying conviction is otherwise saved by such doctrines as independent source, inevitable discovery, and harmless error); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  *See generally  United States v. Pratt*, 438 F.3d 1264, 1270 (11th Cir.  2006) ("other evidence of a search warrant's existence and descriptive language may be used in a suppression hearing to prove that a search was conducted with a warrant that particularly described the place to be searched and the persons or items to be seized.").

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of

a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*.

6

at 649.

A judgment in favor of Lingo in this cause of action would necessarily imply the invalidity of the state and/or federal convictions arising from the allegedly illegal search and seizure about which he complains.[1]   It is clear from the complaint and the records of this court that these convictions have not been invalidated in an appropriate proceeding. Consequently, the attempt to collaterally attack such convictions is prohibited, as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement.[2]   *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam) (dismissing, under *Heck*, *Bivens* claim that defendants conspired to ensure civil action plaintiff's conviction by fabricating testimony and

---

[1]The court takes judicial notice of its own records which show that Lingo was convicted in 2004 in the Circuit Court for Houston County, Alabama, of intimidating a witness. *See Lingo v. Collins, et al*., Civil Action No. 1:06-CV-703-MHT.  Court records further establish that Lingo entered a guilty plea in this court in December 2006 to a federal firearms offense for which he is currently awaiting sentencing. *See United States v. Lingo*, Criminal No. 1:05-CR-32-WHA.

[2]The court notes Lingo's complaint that law enforcement personnel detained him at gunpoint approximately 100 yards from his home during the allegedly illegal search of his property. Assuming, *arguendo*, that a valid search warrant existed at the time of the search, this claim would not entitle Lingo to any relief.  *See Michigan v. Summers,* 452 U.S. 692, 702-03 (1981)  (law enforcement interests justifying detention of individual pursuant to a valid search warrant include prevention of flight, minimization of the risk of harm to authorities executing the search warrant, and the orderly completion of such a search); *Denver Justice & Peace Comm. v. City of Golden,* 405 F.3d 923, 929 (10th Cir. 2005) (relying on *Muehler v. Mena,* 544 U.S. 93, 98 (2005), *cert. dismissed,* 126 S.Ct. 1164 (2006) ("Police officers have a 'categorical' authority to detain persons found on premises subject to a lawful search warrant for 'contraband' materials incidental to the officers' execution of the warrant."); *United States v. Newton*, 181 F. Supp.2d 157, 172 (E.D.N.Y. 2002) ("even holding the detainee at gunpoint or in handcuffs does not necessarily transform a detention during the execution of a search warrant into an unlawful seizure.").

other evidence in criminal trial).

In his opposition, Lingo also alleges that the copy of the warrant he received at trial is void because it was not executed in the county of its issuance.  Lingo is entitled to no relief on this claim. The evidentiary material before the court reflects that the search warrant was directed "[t]o any law enforcement officer within the State of Alabama" and was not limited to law enforcement officials in either Houston or Henry Counties. (Doc. No. 10, Attachment 2.) A warrant issued by an appropriate authority in one county and served in another county is effective where the warrant is directed to any lawful officer in the State of Alabama.  *See Taylor v. State,* 666 So.2d 36, 60 (Ala. 1994); *see also Ala. R. Crim. P.* 3.3(a). Thus, the warrant was issued in accordance with state law.

Lingo's contention that the search warrant he obtained at trial contained incorrect and/or inconsistent information also does not entitle him to relief.  The claim fails to state a violation of any cognizable constitutional right, is not supported by specific facts, or fails to show that the alleged discrepancies subjected Lingo to any injury.[3]

In light of the foregoing, the court concludes that Lingo's challenge to the validity of his state and/or federal convictions based an the allegedly invalid search warrant is due to be

---

[3]Apparently in support of his Fourth Amendment claims, Lingo asserts that "[s]omewhere somebody is not telling the truth" because "actual employment of Defendant Luker with the Henry County Sheriff's Department **MUST** be questionable." (Doc. No. 12.)  In support of this assertion, Lingo submits a letter addressed to him from the Sheriff of Henry County, Alabama, which states that Luker has never been employed with the Henry County Sheriff's Department as a deputy sheriff but, rather, is employed with the City of Dothan Police Department.  (*Id*. Exh. D.)  In his affidavit, Luker  points out that he has been *employed* by the Dothan Police Department since March 28, 1984.  (Doc. No. 10, Luker Affidavit.)  During his service with the Houston and Henry County's Drug Task Force, Luker states that he was sworn in as a Deputy Sheriff for Henry County, a position he still holds.  (*Id*.) It is clear that both the Sheriff of Henry County and Luker are aware of with whom and by whom Luker is employed.

dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) and that Luker's request for summary judgment is due to be granted.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant's motion for summary judgment (Doc. No. 10) be GRANTED;

2.  Judgment be ENTERED in favor of Defendant and against Plaintiff;

3. To the extent the instant complaint presents a challenge to the validity of Plaintiff's current state and/or federal convictions, such claim be summarily DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

4.  This case be DISMISSED with prejudice; and

5.  The costs of this proceeding be TAXED against Plaintiff, for which execution may issue.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 26, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 13th day of February, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

10